MATTHEW K. ASHBY (SBN 211311)
mashby@kslaw.com
JULIA E. ROMANO (SBN 260857)
jromano@kslaw.com
STACY L. FOSTER (SBN 285544)
stacy.foster@kslaw.com
KING & SPALDING LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

Attorneys for Defendants
TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC.; TEVA PHARMACEUTICALS USA, INC.; ALZA CORPORATION; JANSSEN RESEARCH & DEVELOPMENT LLC; ORTHO-MCNEIL PHARMACEUTICAL, LLC; JANSSEN PHARMACEUTICALS, INC.; JANSSEN ORTHO LLC; JOHNSON & JOHNSON

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA MORRISON, an individual; KELLIE VALENCIA, an individual; and KARIE KUEHL, an individual., <br><br> Plaintiffs, <br><br> vs. <br><br> TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., f/k/a Teva Global Respiratory Research, LLC.; TEVA PHARMACEUTICALS USA, INC.; ALZA CORPORATION; JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a Johnson & Johnson Research & Development, LLC; ORTHO-MCNEIL PHARMACEUTICAL, LLC; JANSSEN PHARMACEUTICALS, INC. d/k/a Ortho-McNeil- Janssen Pharmaceuticals, Inc. f/k/a Janssen Pharmaceutica Inc.; JANSSEN ORTHO LLC; JOHNSON & JOHNSON; DR. C. LOWELL PARSONS, MD, an individual; and DOES 1-20., <br><br> Defendants. | Case No. '22CV1074 GPC MSB <br><br> **NOTICE OF REMOVAL TO FEDERAL COURT** <br><br> [28 U.S.C. § 1332(d)] <br><br> [San Diego County Superior Court Case No. 37-2022-00023174-CU-MT-CTL] <br><br> Complaint Filed: June 15, 2022 <br> Trial Date: None |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act, or "CAFA"), § 1441, § 1446 and § 1453 Defendants Teva Branded Pharmaceutical Products R&D, Inc., Teva Pharmaceuticals USA, Inc., ALZA Corporation, Janssen Research & Development LLC, Ortho-McNeil Pharmaceutical, LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC and Johnson & Johnson ("Defendants") hereby give notice of the removal of the above captioned action (the "Action") from Superior Court of California, County of San Diego to the United States District Court for the Southern District of California. As grounds for this removal, Defendants state as follows:

## INTRODUCTION

1. As set forth below, this Action is properly removed to this Court pursuant to 28 U.S.C. § 1332(d) because this Court has jurisdiction under CAFA, as this is a civil action between citizens of different states, where the amount in controversy exceeds the sum of $5,000,000 exclusive of interest and costs, and the putative class has more than 100 members.

## BACKGROUND

2. On or about June 15, 2022, Plaintiffs Melissa Morrison, Kellie Valencia and Karie Kuehl ("Plaintiffs"), all residents and citizens of the state of California, commenced this putative Class Action Complaint (the "Complaint") in the Superior Court of California, County of San Diego, entitled "*Melissa Morrison, Kellie Valencia, Karie Kuehl v. Teva Branded Pharmaceutical Products R&D, Inc., Teva Pharmaceuticals USA, Inc., ALZA Corporation, Janssen Research & Development LLC, Ortho-McNeil Pharmaceutical, LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC; Johnson & Johnson, Dr. C. Lowell Parsons, MD*, Civil Action No. 37-2022-00023174-CU-MT-CTL.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and all process and pleadings is attached hereto as **Exhibit A,** which is incorporated herein by reference.

4. Plaintiffs' Complaint alleges that Plaintiffs took ELMIRON®, a prescription medication manufactured by certain of the named Defendants, which resulted in "severe physical and emotional injuries as well as severe symptoms including… [b]lurred vision, difficulty adapting to dim lighting or darkness, difficulty seeing at night, and sensitivity to light." Exh. A, Complaint at ¶ 4. The Complaint further alleges that Defendants gave Plaintiffs inadequate warnings and/or instructions regarding the alleged risk of these injuries from the use of ELMIRON®, resulting in "potentially irreversible vision threatening retinal and macular changes, including vision loss and maculopathy." *Id*. at ¶¶ 229-234.

5. Plaintiffs filed a claim purportedly on behalf of Plaintiffs and other similarly situated individuals to recover damages, restitution and injunctive relief under California Business and Professions Code sections 17200, *et seq*. *Id*. at ¶¶ 281-284. Plaintiffs define the members of the class as individuals who paid for Elmiron prescriptions without being told of the risk of vision damages. *Id*. at ¶ 285. Plaintiffs claim Defendants have caused Plaintiffs to "suffer harm, including through the payment of monies, including without limitation retail prices and 'co-pays' charged in connection with [the] use of Elmiron." *Id*. at ¶ 283.

6. This case is related to hundreds of other cases across the country involving ELMIRON®, which have been removed to or filed directly in federal court and transferred to a Multidistrict Litigation ("MDL") proceeding in the United States District Court for the District of New Jersey. *In re Elmiron (Pentosan Polysulfate Sodium) Prods. Liab. Litig.*, 2020 WL 7384682 (Mem.) (J.P.M.L. Dec. 15, 2020) (Transfer Order granting centralization of MDL No. 2973 ("Elmiron MDL"). Upon removal, Defendants shall promptly request that the United States Judicial Panel on Multidistrict Litigation ("JPML") transfer this action to the Elmiron MDL pursuant to the "tag-along" procedure contained in the JPML Rules. *See* 28 U.S.C. § 1407.

# BASIS FOR REMOVAL

7. This Court has diversity jurisdiction under over the class action claim pursuant to CAFA, 28 U.S.C. § 1332(d).

8. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a).

9. As set forth below, this is a putative class action in which: (1) Plaintiffs allege there are 100 or more members in the alleged class; (2) members of the proposed class are citizens of different states than Defendants Teva Branded Pharmaceutical Products R&D, Inc., Teva Pharmaceuticals USA, Inc., Janssen Research & Development LLC, Ortho-McNeil Pharmaceutical, LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC and Johnson & Johnson; and (3) based upon the allegations in the Complaint, the amount in controversy for the class claim exceeds the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A. Plaintiffs' Proposed Class Consists of More Than 100 Members

10. In the Complaint, Plaintiffs purport to seek damages on behalf of an alleged class including "all individuals who are or previously were injured by Defendants' conduct in California in that they paid for Elmiron prescriptions directly or indirectly without being told of the risk of serious and potentially irreversible vision damage…at any time during the period beginning June 15, 2018, and ending on the date as determined by the Court." Exh. A, Complaint at ¶ 285.

11. Plaintiffs assert in the Complaint that "[w]hile Plaintiffs are informed and believe there are *thousands* of patients who have taken or are taking Elmiron in California, who would be members of the Class, the precise number of Class Members are unknown to the Plaintiffs but may be ascertained from various sources including prescription records." *Id*. at ¶ 285(a) (emphasis added).

12. Accordingly, based on the allegations in the Complaint, the aggregate number of members of the alleged class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. There Is the Requisite Minimal Diversity Of Citizenship Between The Parties.

13. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant. . . .*") (emphasis added).

14. Plaintiffs Melissa Morrison, Kellie Valencia and Karie Kuehel are all citizens of the State of California. *See* Exh. A, Complaint at ¶¶ 12, 15, 18.

15. Defendant Teva Branded Pharmaceutical Products R&D, Inc. is a citizen of the States of Delaware and Pennsylvania because it is a corporation incorporated under the laws of Delaware and has its principal place of business in Pennsylvania.

16. For purposes of determining the citizenship under 28 U.S.C. § 1332(c)(1), Defendant Teva Pharmaceuticals USA, Inc. is a citizen of the States of Delaware and New Jersey because it is a corporation incorporated under the laws of Delaware and has its principal place of business in New Jersey.

17. Defendant Janssen Research & Development, LLC is a limited liability company. Its sole member is Centocor Research & Development, Inc., a Pennsylvania corporation with its principal place of business located in Pennsylvania. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, for purposes of determining its citizenship, Defendant Janssen Research & Development, LLC is a citizen of the State of Pennsylvania.

18. Defendant Janssen Pharmaceuticals, Inc. is a citizen of the State of Pennsylvania and the State of New Jersey because it is a corporation incorporated under the laws of Pennsylvania and has its principal place of business in New Jersey.

19. The sole member of Ortho-McNeil Pharmaceutical, LLC, is Defendant Janssen Pharmaceuticals, Inc. As stated above, Defendant Janssen Pharmaceuticals, Inc. is a citizen of the State of Pennsylvania and the State of New Jersey. Accordingly, for purposes of determining its citizenship, Defendant Ortho-McNeil Pharmaceutical, LLC is a citizen of the State of Pennsylvania and the State of New Jersey.

20. Defendant Janssen Ortho, LLC is a limited liability company. Its sole member is OMJ Holding GmbH, a foreign corporation incorporated under the laws of Switzerland with its principal place of business located in Switzerland. Accordingly, for purposes of determining its citizenship, Janssen Ortho, LLC is a citizen of Switzerland.

21. Defendant Johnson & Johnson is incorporated under the laws of New Jersey and has its principal place of business in New Jersey. Accordingly, for purposes of determining its citizenship, Defendant Johnson & Johnson is a citizen of New Jersey.

22. Thus, because at least one member of the putative class is a citizen of a different state than at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

        **C.**      **The Amount In Controversy Exceeds $5,000,000 Exclusive Of Costs And Interest.**

23. If a plaintiff fails to plead a specific amount of damages and the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). In calculating the potential amount in controversy, courts include actual damages, compensatory damages, statutory penalties, restitution, disgorgement, punitive damages, and attorney's fees. *Wolk v. Green*, 516 F.Supp.2d 1121, 1127 (N.D. Cal. 2007) ("the jurisdictional minimum may be satisfied by claims of general and specific damages, attorney's fees, and by punitive damages"); *Kroske*, 432

F.3d at 980 ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.").

24. Here, Plaintiffs' broad claim, requests for relief, and putative class more than suffice to meet the necessary jurisdictional minimums for removal. Plaintiffs seek to represent "***all individuals*** who are or previously were injured by Defendants' conduct ***in California***…") (emphasis added.). Exh. A Complaint ¶ 285.

25. Plaintiffs' Complaint seeks damages on behalf of "***thousands of patients*** who have taken or are taking Elmiron in California, ***who would be members of the class***." *Id*. at ¶ 287(a) (emphasis added.)

26. Plaintiffs seek restitutionary relief in addition to disgorgement of gains by Defendants. *Id*. at ¶ 284. Plaintiffs also seek punitive damages for all causes of action. *Id*. at ¶¶ 289-298, *see also* Prayer for Relief (seeking "punitive damages," "restitutionary disgorgement in favor of Plaintiffs and all other similarly situated persons in California," "costs and expenses," and "attorneys' fees.").

27. Plaintiffs' Complaint seeks compensatory damages as well as injunctive relief on behalf of the Plaintiffs. *Id*. at ¶¶ 11, 284(a), Prayer for Relief.

28. "In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum and value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Here, the aggregated value of the monetary relief sought by Plaintiffs exceed the sum or value of $5,000,000, exclusive of interest and costs.

29. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). And the defendant's "amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87.

**D.     The Removing Defendants Have Satisfied The Other Procedural Requirements and Venue Requirements For Removal.**

30.     Venue lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. § 1441(a) because the original action was filed in the Superior Court of California, County of San Diego, which is located within the Southern District of California. Venue, therefore, is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

31.     Defendants will promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of San Diego, as required by 28 U.S.C. § 1446(d).

32.     Immediately following the filing of this Notice of Removal, notice of the filing of this Notice will be delivered to Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

33.     Defendants Janssen Research & Development, LLC, Ortho-McNeil Pharmaceutical LLC, ALZA Corporation and Janssen Pharmaceuticals, Inc. received a summons and a copy of the Complaint on June 24, 2022.

34.     Defendant Teva Pharmaceuticals USA, Inc. and Teva Branded Pharmaceutical Products R&D, Inc. received a summons and copy of the Complaint on June 27, 2022.

35.     Defendants Janssen Ortho LLC and Johnson & Johnson have not received a summons nor a copy of the Complaint.

36.     Removal is timely, as this notice was filed within thirty days of Defendants' receipt of the initial pleadings or summons. *See* 28 U.S.C. § 1446(b)(2)(B).

37.     By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or to seek dismissal on

grounds of lack of personal jurisdiction, improper venue, or under the doctrine of *forum non conveniens*.

WHEREFORE, Defendants Teva Branded Pharmaceutical Products R&D, Inc., Teva Pharmaceuticals USA, Inc., ALZA Corporation, Janssen Research & Development LLC, Ortho-McNeil Pharmaceutical, LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC and Johnson & Johnson, give notice that the matter bearing Civil Action No. 37-2022-00023174-CU-MT-CTL, currently pending in the Superior Court of California, County of San Diego, is removed to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446.

Respectfully submitted this 22nd day of July, 2022.

Dated: July 22, 2022

KING & SPALDING LLP

By: /s/ *Julia E. Romano*
Matthew K. Ashby
Julia E. Romano
Stacy L. Foster
Attorneys for Defendants
TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC.; TEVA PHARMACEUTICALS USA, INC.; ALZA CORPORATION; JANSSEN RESEARCH & DEVELOPMENT LLC; ORTHO-MCNEIL PHARMACEUTICAL, LLC; JANSSEN PHARMACEUTICALS, INC.; JANSSEN ORTHO LLC; JOHNSON & JOHNSON